UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHONG TRAN, | ) Case No.: 12-4507 PSG |
| Plaintiff, | ) |
| v. | ) **ORDER GRANTING DEFENDANTS'** |
| | ) **MOTION TO DISMISS** |
| BANK OF AMERICA, N.A., et al, | ) |
| | ) **(Re: Docket Nos. 11, 13)** |
| Defendants. | ) |

In this foreclosure action, Defendants Bank of America, et al, ("Defendants") move to dismiss the claims brought by Plaintiff Phong Tran ("Tran") pursuant to Fed. R. Civ. P. 12(b)(6). Defendants also move to expunge the lis pendens Tran recorded against the property at issue. Tran opposes both motions.[1] Having considered the parties' papers and oral arguments, the court GRANTS the motion to dismiss.

---

[1] Tran's opposition to the motion to dismiss was untimely by more than a week. *See* Docket Nos. 11, 25. The court nevertheless will consider Tran's arguments contained therein in the exercise of its discretion.

1

Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I. BACKGROUND

On October 27, 2006, Tran recorded a deed of trust ("DOT") in Santa Clara County against the property at 1121 Clayton Road, San Jose, California ("the Property") to secure a promissory note for $612,000 borrowed from Washington Mutual ("WaMu").[2] The DOT named California Reconveyance ("CRC") as the trustee.[3] On or about November 17, 2006, according to Tran, WaMu securitized and sold the DOT to Washington Mutual Mortgage Pass-Through Certificates Series 2006-AR17 Trust ("2006-AR17 Trust").[4] Tran also references a 2005-AR8 trust ("2005-AR8 Trust"), although Tran never alleges that the DOT again was transferred from the 2006-AR17 Trust to this other trust.[5] Tran alleges that by assigning the DOT into the 2005-AR8 Trust, WaMu "significantly changed the position of the parties without notice."[6] Despite the absence of allegations regarding a subsequent transfer from the 2006-AR17 Trust to the 2005-AR8 Trust, Tran asserts that the 2005-AR8 Trust's pooling service agreement fundamentally changed his loan from an instrument subject to modification to an instrument that could no longer be modified.[7]

In 2008, the Federal Insurance Deposit Corporation ("FDIC"), acting as the receiver for the defunct WaMu, sold certain of WaMu's assets to JP Morgan Chase ("Chase").[8] On August 21, 2009, an assignment of the DOT was recorded in Santa Clara County.[9] The assignment was signed by Deborah Brignac as Vice President for Chase and purported to assign the beneficial interest to

---

[2] *See* Docket No. 1 ¶ 13.

[3] *See id.*

[4] *See id.* ¶ 14.

[5] *See id.* ¶ 15.

[6] *See id.*

[7] *See id.*

[8] *See id.* ¶ 16.

[9] *See id.* ¶ 17.

Bank of America, which, according to Tran, was the successor in interest to LaSalle Bank.[10] Tran alleges that Chase performed the assignment as the trustee for the 2006-AR17 Trust.[11]

On the same day as the assignment was recorded, CRC also recorded a Notice of Default ("NOD") and election to sell under the DOT and thereby initiated foreclosure proceedings on the Property.[12] The NOD included a statement pursuant to California Civil Code Section 2923.5 that the beneficiary of the DOT contacted or attempted to contact the borrower, here Tran, before initiating foreclosure proceedings.[13] Tran alleges that neither Chase nor Bank of America ever contacted Tran regarding the foreclosure.[14] On September 14, 2011, CRC recorded a Notice of Trustee's Sale ("NOTS").[15]

Defendants submitted several documents indicating that Tran filed a similar action against Defendants in Santa Clara Superior Court and that most of his claims failed to survive Defendants' demurrer.[16] According to those documents, Tran voluntarily dismissed the remaining claim regarding violations of California Civil Code Section 2923.5.[17] He subsequently filed this action.

## II.   LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] If a plaintiff fails to proffer "enough facts to state a claim to relief that is

---

[10] *See id.*

[11] *See id.*

[12] *See id.* ¶ 18.

[13] *See id.*

[14] *See id.*

[15] *See id.* ¶ 19.

[16] *See* Docket No. 14. Exs. E-G.

[17] *See* Docket No. 14 Ex. G.

[18] Fed. R. Civ. P. 8(a)(2).

3
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[19] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[21]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[22] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[23] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[24] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[25]

### III.   DISCUSSION

**A.   Judicial Notice**

Defendants request the court take judicial notice of certain documents in support of their motion to dismiss and their motion to expunge the lis pendens. They seek notice of eight

---

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[21] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[22] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[23] *See id.* at 1061.

[24] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[25] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

4
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

documents: (1) the original DOT filed on October 27, 2006; (2) the assignment of the DOT recorded on August 21, 2009; (3) the NOD recorded on August 21, 2009; (4) the NOTS recorded on August 21, 2009; (5) Tran's First Amended Complaint ("FAC") filed in Santa Clara Superior Court on April 12, 2012; (6) the order sustaining Defendants' demurrer to Tran's FAC in state court; (7) Tran's request for dismissal filed on August 14, 2012; and (8) a notice of pending action, recorded in Santa Clara County on August 28, 2012.

Judicial notice is proper when there is no reasonable dispute regarding the facts contained in the documents and when the court has access to sources whose accuracy cannot reasonably be questioned.[26] The court finds it proper to take judicial notice of the documents filed with the Santa Clara Superior Court and the state court's order. The facts of the state court proceedings and the allegations and arguments pursued in that forum are not subject to reasonable dispute and the court may access the state court's records to ensure the accuracy of the documents.[27]

As to the DOT, the assignment, the NOD, and the NOTS, the court finds it proper to notice these documents, although as Tran highlights, not necessarily the facts contained therein. But, Defendants have not requested that the court take notice of disputed facts within the documents, and the court will not rely on facts contained therein that reasonably may be subject to dispute.[28] The authenticity of the foreclosure-related documents is not in dispute and may be verified by resort to the public record.[29] Defendants request for judicial notice is GRANTED as to the all of the documents.

---

[26] *See* Fed. R. Evid. 201(b).

[27] *See* Fed. R. Ev. 201(b)(2). Tran, furthermore, does not appear to oppose judicial notice of the state court documents. *See* Docket No. 27.

[28] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding the district court erred in relying on disputed facts contained within documents that otherwise were the proper subject of judicial notice); *see also* Fed. R. Evid. 201(b).

[29] *See* Fed. R. Ev. 201(b)(2).

5
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### B. Motion to Dismiss

Defendants argue that dismissal is proper on two grounds. They assert that the state court's order sustaining Defendant's demurrer requires dismissal on res judicata grounds. They argue in the alternative that Defendants have failed to state a claim based on the facts they have alleged. Because the court finds res judicata applies, it does not consider the sufficiency of the allegations.

To determine the preclusive effect of prior state court judgments on state law claims brought pursuant to diversity jurisdiction, federal courts look to state law.[30] Under California law, for res judicata to apply, three elements must be present: (1) "[a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding"; (2) "the prior proceeding resulted in a final judgment on the merits"; and (3) "the party against whom the doctrine is being asserted was a party or in private with a party to the prior proceeding."[31] California law distinguishes two kinds of res judicata: claim preclusion and issue preclusion. "Claim preclusion bars successive litigation of the same claim after a final judgment, even if the same issues on the claim were not raised in the first suit, while issue preclusion bars relitigation of an issue that actually was litigated, even if the claim is different."[32] For both types of preclusion, the same three elements must be met.[33]

The court turns to whether each of the three factors is present here.

---

[30] *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 375 (1996).

[31] *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

[32] *Carollow v. Vericrest Financial Inc.*, Case No. 11-cv-4767 YGR, 2012 WL 4343816, at *4 (N.D. Cal. Sept. 21, 2012).

[33] *See id.*

6
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### 1. Identity of Claims

Under California law, claims or causes of action, are sufficiently identical if they deal with the same "primary right."[34] "[F]or the purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced."[35] In other words, two "cause[s] of action" under California law generally consist of the same "primary right" when "the same parties seek compensation for the same harm."[36]

In Santa Clara Superior Court, Tran asserted four claims, for slander of title, wrongful foreclosure, violations of California Civil Code Section 2923.5, and violations of California Business and Professions Code Section 17200.[37] All of the claims arose from CRC's initiation of foreclosure proceedings on the Property.[38] In this court, Tran pursues two causes of action: slander of title and violations of California Business and Professions Code Section 17200.[39] The factual allegations in the state court complaint are almost identical to the allegations in the complaint filed in this court.[40] In the complaint before this court, Tran added only allegations regarding how the 2005-AR8 Trust's pooling service agreement subsequently barred modification of his loan and that he was never given notice of the change.[41]

---

[34] *See Boeken*, 48 Cal. 4th at 798.

[35] *See id.*

[36] *See id.*

[37] *See* Docket No. 14 Ex. E.

[38] *See id.* ¶¶ 8-14.

[39] *See* Docket No. 1.

[40] *Compare* Docket No. 1 ¶¶ 13-20 *with* Docket No. 14 Ex. E ¶¶ 8-14.

7
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The substantial overlap in the factual allegations between the two complaints and even in the actual language of the two documents reflects that the two cases deal with the same primary right.[42] The addition of the facts regarding the 2005-AR8 Trust does not change the fundamental similarity between the state court action and the case presently before the court. In both complaints, Tran seeks to protect his right to continue possession of the Property and to undo Defendants' ability to foreclose on the Property. The substantial similarity of the causes of action he raises in each complaint further supports the conclusion that the two cases seek to protect the same primary right.

Because the court has determined that Tran in fact seeks to protect the same primary right in both his previous state court action and in the case here, the court finds that his claims have sufficient identity with the claims he brought in Santa Clara Superior Court to meet the first element of res judicata.

### 2. Identity of Parties

As with Tran's factual allegations and causes of action, the parties to this action are identical. The state court action identifies Tran as the plaintiff and identifies as the defendants "Bank of America, N.A., as successor by merger to LaSalle Bank, N.A. as trustee for Washington Mutual Bank Mortgage Pass Through Certificates Series 2006-AR17 Trust; JP Morgan Chase Bank, N.A. successor in interest to Washington Mutual; California Reconveyance Company; and Does 1-100 Inclusive."[43] Those parties are the same parties named in the case brought in this court.[44] The court therefore finds that the identity-of-parties element is met.

---

[41] *See* Docket No. 1 ¶ 15.

[42] *See Cortez v. New Century Mortgage Corp.*, Case No. 12-3146 JSC, 2012 WL 3249515, at *2 (N.D. Cal. Aug. 7, 2012).

[43] *See* Docket No. 14 Ex. E.

8
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### 3. Final Judgment on the Merits

In the state court proceeding, Defendants demurred to Tran's slander of title, wrongful foreclosure, and unfair business practices under Section 17200 claims but did not demur to the claim for violations of Section 2923.5.[45] The state court sustained the demurrer without leave to amend for the three causes of action Defendants challenged.[46] For the slander of title claim, the court found that Tran had not alleged and could not allege sufficient facts to show malice on the part of Defendants when recording the privileged documents regarding foreclosure on the property.[47] For the wrongful foreclosure claim, the court likewise found that because no foreclosure sale had yet occurred, Tran's claim was not yet ripe.[48] The court found Tran's unfair business practices claim failed because it could not be premised on either the Section 2923.5 claim, as the only remedy for violations of that section is postponement of a foreclosure sale, or the slander of title claim in light of the privileged nature of the documents Defendants recorded.[49]

Following the state court's decision, Tran dismissed without prejudice the remaining Section 2923.5 claim, and so the state court never entered a final judgment.[50] Tran argues that absent that final judgment, res judicata cannot apply to his claims and that even if the causes of action fail as alleged, he should be allowed an opportunity to amend his complaint to fix the deficiencies.[51] Defendants counter that the absence of a final judgment does not prevent the court

---

[44] *See* Docket No. 1. Tran subsequently dismissed CRC after Defendants highlighted that CRC, as a California company, destroyed this court's diversity jurisdiction. *See* Docket Nos. 11, 33.

[45] *See* Docket No. 14 Ex. F.

[46] *See id.*

[47] *See id.*

[48] *See id.*

[49] *See id.*

[50] *See id.* Ex. G.

9

Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

from applying res judicata as to the claims that the state court already found could not be amended to state causes of action.[52]

Dismissal with prejudice of certain claims is considered a judgment on the merits of those claims.[53] Tran is correct that, unlike in the cases Defendants cite,[54] his entire state court action was not dismissed with prejudice but instead certain of his claims were dismissed without leave to amend. But Tran seeks to have this court revisit determinations that the state court already made. He raises in this court two legal theories of recovery – slander of title and Section 17200 violations – that the state court already found his factual allegations could not support.[55] Tran in fact explicitly seeks this court to "overrule" the state court's determination that his Section 17200 claim was not viable.[56] As an initial matter, although Section 17200 may be a derivative cause of action dependent on the viability of the underlying claims, Tran's arguments regarding the underlying claims do not differ materially from the arguments he made before the state court. More importantly, his avenue for review of the state court's determinations was the state appellate courts not federal district court.[57] The state court's findings that his factual allegations could not support a slander of title claim or an unfair business practices claim are final judgments on the merits and this court is not at liberty to unseat them.[58]

---

[51] *See* Docket No. 25.

[52] *See* Docket No. 11.

[53] *See Cortez*, 2012 WL 3249515, at *2; *Quinto v. JPMorgan Chase Bank*, Case No. 11-cv-2920-LHK, 2011 WL 6002599, at *6 (N.D. Cal. Nov. 30, 2011).

[54] *See Boeken*, 48 Cal. 4th at 793; *Rice v. Crow*, 81 Cal. App. 4th 725, 733-34 (2000).

[55] *See* Docket No. 14 Ex. E.

[56] *See* Docket No. 25.

[57] *See Carollo*, 2012 WL 4343816, at *6 (noting "[p]laintiff did not seek appellate review before reasserting in federal court the same claims that had been dismissed without leave to amend in state court" and so "further litigation is barred").

Because the court finds that the state court action and the case here share identity of parties and claims and that the state court made a determination on the merits regarding the legal theories pursued here, the court determines that res judicata bars Tran's slander of title and Section 17200 claims.

Tran requests that the court permit him to amend his complaint to add other legal theories, presumably not barred by res judicata.[59] Because Tran raised and then dismissed without prejudice his Section 2923.5 claim, there has been no judgment on the merits of that claim, and he has preserved the opportunity to raise it in this court.[60]

The court GRANTS Defendants' motion to dismiss with prejudice the slander of title and Section 17200 claims. Within fourteen days, Tran may amend his complaint to add alternative claims not subject to res judicata.

### C.  Motion to Expunge Lis Pendens

Following the filing of his actions, on August 28, 2012, Tran recorded a notice of lis pendens on the Property.[61] Defendants seek for the court to expunge the lis pendens on the grounds that Tran's claims are unlikely to succeed.[62]

The court must look to California law when determining the propriety of expunging a lis pendens.[63] California Code of Civil Procedure Section 405.20 states that "[a] party to an action

---

[58] *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) ("The doctrine of res judicate serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.").

[59] *See* Docket No. 25.

[60] *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008); *Cortez*, 2012 WL 3249515, at *2 (noting a dismissal without prejudice is not a final judgment on the merits).

[61] *See* Docket No. 14 Ex. H.

[62] *See* Docket No. 13.

[63] *See* 28 U.S.C. § 1964.

11
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." But "[a]t any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice."[64] "[T]he court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."[65]

Defendants argue that because Tran's claims are barred by res judicata, he cannot state a viable property claim and therefore the lis pendens should be expunged.[66] Tran responds that his claims are viable and therefore expunging the lis pendens would be improper.[67] Because the court is permitting Tran to amend his complaint to allege claims that are not barred by res judicata, determining the validity of his claims at this stage is premature.[68] The motion to expunge the lis pendens therefore is DENIED.

**IT IS SO ORDERED.**

Dated:   January 17, 2013

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge

---

[64] Cal. Code Civ. P. § 405.30.

[65] *Id.* § 405.32.

[66] *See* Docket No. 13.

[67] *See* Docket No. 28.

[68] *See Christiansen v. Wells Fargo Bank*, Case No. C 12-02526 DMR, 2012 WL 4716977, at *10 (N.D. Cal. Oct. 1, 2012).

12
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**