UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHONG TRAN,<br><br>          Plaintiff,<br>     v.<br><br>BANK OF AMERICA, N.A., et al,<br><br>          Defendants. | Case No.: 12-4507 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Re: Docket No. 38)** |

In this foreclosure action, Defendants Bank of America, et al, ("Defendants") move to dismiss the first amended complaint filed by Plaintiff Phong Tran ("Tran") pursuant to Fed. R. Civ. P. 12(b)(6). As explained in detail below, the court does not consider Tran's untimely opposition to the motion. Having reviewed the amended complaint and the motion to dismiss, the court GRANTS Defendants' motion and dismisses the complaint without leave to amend.

**I.     BACKGROUND**

In its January 17, 2013 order granting Defendants' motion to dismiss Tran's original complaint, the court provided the factual background of this case and so does not repeat those facts

1

Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

here.[1] In his first amended complaint ("FAC"), Tran added seven causes of action after the court earlier held that res judicata barred him from attempting to recover on his slander of title and California Business and Professions Code Section 17200 claims.[2] He now asserts claims arising from: (1) violations of the Homeowners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1640; (2) breach of express agreements between Tran and Defendants, specifically the Deed of Trust and Pooling Service Agreements ("PSA"); (3) breach of implied agreements between Tran and Defendants; (4) violation of California Civil Code Section 2923.5; (5) violation of California Business and Professions Code Section 17200; (6) wrongful foreclosure; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.[3]

In considering the viability of Tran's claims, the court does not consider his untimely opposition. Despite the March 14, 2013 deadline for his response, Tran did not file an opposition to Defendants' motion until April 2, 2013 – one week before the hearing on the motion.[4] Tran filed an ex parte application seeking leave to file his opposition late based on "inadvertence or excusable neglect," citing a "flu-like illness" afflicting the employees of his retained counsel's law firm.[5] Neither Tran nor his attorney appeared for the April 9, 2013 hearing regarding the motion to dismiss, despite the court not extending the hearing date and Tran's attorney making an appearance that same morning in this same court for a different case.

Were this the first time Tran failed to file a timely opposition to a motion to dismiss, the court may have been willing to consider his papers in making its decision. But Tran already used up that chance when he filed his opposition two weeks late to Defendants' motion to dismiss his

---

[1] *See* Docket No. 35.

[2] *See id.*

[3] *See id.*

[4] *See* Docket No. 43.

[5] *See* Docket No. 42.

2
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

first amended complaint.[6] The similarities in the untimely filings are striking. At that time, Tran, or more properly his counsel, provided no explanation for the failure to adhere to the deadline. In an exercise of its discretion, the court nevertheless considered the papers. More importantly, the court does not find that the illness apparently affecting the office from January until March constitutes the kind of excusable neglect that warrants further leniency.[7] The ex parte application is DENIED, and the court thus proceeds as if Tran did not file an opposition at all.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[9] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12] The court's review is

---

[6] *See* Docket Nos. 25, 35.

[7] *See* Fed. R. Civ. P. 6(b).

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[11] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

3
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[14] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."[15]

### III. DISCUSSION

#### A. HOEPA

HOEPA, which is an amendment to the Truth in Lending Act ("TILA"), provides for additional disclosures "for a special class of regulated loans that are made at higher interest rates or with excessive fees and costs."[16] As an amendment to TILA, it is subject to the same statute of limitations,[17] one year for damages and three years for rescission.[18] But as Tran alleges in the complaint and as also provided in the Deed of Trust that the court judicially noticed, Tran signed his note and deed in October 2006 and so under either a rescission or a damages theory, his claim is time-barred. The HOEPA claim is DISMISSED WITHOUT LEAVE TO AMEND.

#### B. Breach of Express Agreements

Tran alleges that Defendants breached the Deed of Trust and a PSA. To state a claim for breach of an express agreement, Tran must allege (1) "the contract," (2) Tran's "performance or

---

[13] *See id.* at 1061.

[14] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[15] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[16] *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1223 (S.D. Cal. 2012).

[17] *See id.*

[18] *See* 16 U.S.C. § 1639.

4
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

excuse for nonperformance," (3) Defendants' breach, and (4) damage to Tran from the breach.[19] As to the Deed of Trust part of his claim, even assuming it serves as a contract, Tran fails to allege that he performed his obligations or provide any excuse for nonperformance of his obligations. Because he fails to plead an element of the claim, this theory of breach must fail. Given that Tran has had multiple opportunities to add factual allegations – such as not being in default on the loan – that would support this cause of action but has not, the court finds leave to amend on this claim futile.

The PSA breach claim likewise fails. Tran does not allege that he is a party to the PSA, only that because Defendants allegedly violated the PSA he was harmed. That set of factual allegations is insufficient under a breach of express contract theory. Because Tran has had multiple opportunities to amend his complaint to allege that he is a party or in some other way has standing to assert claims under the PSA, the court finds further amendment attempts would be futile.

The breach-of-express-agreement claims are DISMISSED WITHOUT LEAVE TO AMEND.

### C. Breach of Implied Agreement

Tran next alleges that Defendants, Bank of America in particular, created some kind of indemnification obligation to him that they in turn breached. Tran's factual allegations, however, do not support the existence of an implied agreement because they reveal nothing about the nature of this agreement or how it was reached between the parties. Given the underlying factual allegations that Defendants improperly noticed foreclosure on Tran's home and given Tran's multiple attempts to amend his complaint, the court finds further attempts to amend would be futile. The breach-of-implied-agreement claim is DISMISSED WITHOUT LEAVE TO AMEND.

---

[19] *Wall Street Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

5
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### D. California Civil Code Section 2923.5

Although Defendants[20] do not raise the preemption of Section 2923.5 by the Home Owners' Loan Act ("HOLA")[21] and its implementing regulations,[22] the court nevertheless concludes, as do numerous other courts,[23] that HOLA preempts Section 2923.5. Washington Mutual ("WaMu") was, by Tran's own allegations,[24] the originator of the loan. As a federally-chartered savings bank, it was organized and operated under HOLA. Thus, HOLA preempts all conduct relating to the loan, and so Tran cannot state a Section 2923.5 cause of action. The claim therefore is DISMISSED WITHOUT LEAVE TO AMEND.

### E. Wrongful Foreclosure

Tran's wrongful foreclosure claim mirrors the cause of action he raised before the Santa Clara County Superior Court and on which the state court sustained demurrer.[25] As the court explained in its January 17 order, claims raised before the state court and dismissed by the state court without leave to amend are barred by res judicata in this court.[26] The court adopts that same reasoning for the wrongful foreclosure claim.

---

[20] Defendants instead refer to Section 2923.5(i), which from the court's research is not a part of Section 2923.5.

[21] 12 U.S.C. § 1461.

[22] *See, e.g.*, 12 C.F.R. § 560.

[23] *See, e.g., Varela v. Wells Fargo Home Mortg.*, Case No. C-12-3502 KAW, 2012 WL 6680261, at *6 (N.D. Cal. Dec. 21, 2012) (quoting 12 C.F.R. §560.2(b)(10)); *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1033 (N.D. Cal. Oct. 27, 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings), *Parcray v. Shea Mortg., Inc.*, Case No. CV-F-09-1942 OWW/GSA, 2010 WL 1659369, at *9 (E.D. Cal. Apr. 23, 2010) (concluding that HOLA preempts section 2923.5 because it "concerns the processing and servicing of [the plaintiff]'s mortgage").

[24] *See* Docket No. 36 ¶ 12.

[25] *See* Docket No. 14 Exs. E, F.

[26] *See* Docket No. 35.

6
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

As noted in its earlier order, the parties are identical. The state court determined that Tran's wrongful foreclosure claim was not ripe and that he could not rely on a violation of Section 2923.5 as the basis for the wrongful foreclosure.[27] Although Tran restyles some of his allegations in the FAC, the underlying claim is the same.[28] The three requirements for the application of res judicata under California law are present here.[29] As the court opined in its previous order and repeats here, Tran's recourse for evaluation of claims that he believes the state court erroneously dismissed is with the state appellate courts not federal district court.[30] Because res judicata bars this claim, the court DISMISSES it WITHOUT LEAVE TO AMEND.

**F. Section 17200**

Tran bases his Section 17200 claim on two grounds: (1) Defendants' violations of Section 2923.5 and HOEPA and (2) Defendants' unfair business practices.[31] As the court explained above, the Section 2923.5 and HOEPA claims are not viable and so those claims cannot be grounds for a Section 17200 claim.[32]

Tran's unfair business practices allegations are different than the factual allegations underlying his state court claim, which the state court dismissed without leave to amend.[33] In state

---

[27] *See* Docket No. 14 Ex. F.

[28] Although Tran suggests in this section of his complaint that the foreclosure was "completed," *see* Docket No. 36 ¶ 57, he alleged the same facts – that the Notice of Trustee Sale had been recorded – with the state court, which still found the claim was not ripe. *Compare* Docket No. 14 Ex. E ¶¶ 8-14, 22 *with* Docket No. 36 ¶¶ 12-19, 72.

[29] *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

[30] *See Carollow v. Vericrest Financial Inc.*, Case No. 11-cv-4767 YGR, 2012 WL 4343816, at *6 (N.D. Cal. Sept. 21, 2012) (noting "[p]laintiff did not seek appellate review before reasserting in federal court the same claims that had been dismissed without leave to amend in state court" and so "further litigation is barred").

[31] *See* Docket No. 36 at ¶¶ 49-50.

[32] *See Berryman v. Merit Prop. Mgmt, Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (noting that "a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong").

7
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

court, he based the Section 17200 claim on Defendants' violations of the notice requirements of Section 2923.5.[34] Here, he alleges that Defendants filed a false assignment of the Deed of Trust because JP Morgan never had the requisite interest to transfer.[35] As a result, res judicata does not bar this claim because there is insufficient identity with the state court claim.

Tran's Section 17200 claim nevertheless fails because he has not asserted the requisite harm. He alleges that because of Defendants' unfair business practices, "a cloud has been placed on Plaintiff's title and [his] interest in the Subject Property has been placed in jeopardy."[36] But California Business and Professions Code Section 17204 requires plaintiffs to establish that they have suffered an "injury in fact and ha[ve] lost money or property as a result of the unfair competition."[37] Tran has not alleged that he lost either money or property as a result of Defendants' actions.

Given that this is Tran's second attempt at establishing a Section 17200 claim in this court, the court finds further attempts at amendment will be futile. Tran's Section 17200 claim is DISMISSED WITHOUT LEAVE TO AMEND.

### G. RICO

Tran alleges that Defendant violated 18 U.S.C. § 1962, although he does not specify under which section the claims arise. He refers specifically only to Section 1962(d),[38] which prohibits conspiring to violate Sections 1962(a), 1962(b), and 1962(c), although he does not state which of the sections he claims Defendants conspired to violate. His allegations also suggest that

---

[33] *See* Docket No. 12 Ex. F.

[34] *See id.* Ex. E.

[35] *See* Docket No. 36 at ¶ 49.

[36] *Id.* at ¶ 52.

[37] *See Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009).

[38] *See* Docket No. 36 at ¶ 85.

8
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Defendants engaged in activity prohibited by Section 1962(a), and so the court considers his allegations under the rubrics of both Section 1962(a) and Section 1962(d). In either case, his claims fail.

To state a claim under Section 1962(a), Tran must allege that (1) "a person receives income derived directly or indirectly form a pattern of racketeering activity or unlawful debt"; (2) "that person uses or invests, directly or indirectly, any part or proceeds of such income in the acquisition of any interest in, or the establishment or operation of any enterprise"; and (3) "that enterprise is engaged in or its activities affect interstate or foreign commerce."[39] Tran must also allege "that the investment of racketeering income was the proximate cause of his injury."[40] To state a claim under Section 1962(d), on the other hand, he need not allege any action in furtherance of a RICO violation.[41] He is required only to allege that Defendants agreed to act in a way that violates one of the other sections of 18 U.S.C. § 1962.[42]

Under either provision, Tran also must allege that Defendants engaged in or agreed to engage in one of the activities listed in 18 U.S.C. § 1961(a) as a predicate act of racketeering.[43] If the predicate act of racketeering involves fraud, Tran is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b).[44]

Defendants assert that Tran fails to allege facts sufficient to state a RICO claim. Tran's allegations regarding the underlying racketeering activity appear to address two types of fraudulent

---

[39] *Jalili v. Far East Nat. Bank*, Case No. C 12-5962 SBA, 2013 WL 1832648, at *3 (N.D. Cal. May 1, 2013).

[40] *Id.*

[41] *See Salinas v. United States*, 522 U.S. 52, 63 (1997).

[42] *See id.* at 64.

[43] *See Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., Inc.*, 711 F. Supp. 1016, 1021 (E.D. Cal. 1989).

[44] *See id.*

9
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

conduct on the part of Defendants. First, he appears to claim that Defendants' failure to inform him of the securitization of the loan instrument was a fraudulent omission on which he relied to his detriment.[45] Second, Tran claims that Defendants engaged in "the theft of real property through illegal foreclosure liens."[46] He alleges that through the securitization of loans, Defendants conspired to upend traditional recording requirements, and then through the use of the mail and the internet, they filed documents with false claims regarding their interests in the properties upon which they sought to foreclose.[47]

Although Tran's complaint contains an exposition of the ills that the banking industry, including Defendants, have wrought on the American economy, the judicial system, and homeowners,[48] it fails to include the details of the alleged mail and wire fraud supposedly giving rise to the RICO claim.[49] Rule 9(b) requires Tran to state "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."[50] Tran's allegations fail to meet this standard. As a preliminary matter, Tran's shift between the types of fraud on which he bases his RICO claims already reveals that he has not alleged with specificity the predicate acts. Is the RICO claim based on the allegedly fraudulent omission regarding the

---

[45] *See* Docket No. 36 ¶¶ 74, 77-82.

[46] *Id.* at ¶ 85.

[47] *See id.* at ¶¶ 83, 86, 94.

[48] *See, e.g. id.* at ¶ 83 ("[Defendants] undermined long established [sic] rights and sabotaged the judicial process itself by de-emphasizing the importance of, and eventually eliminating, 'troublesome' documentation requirements."); *id.* at ¶ 97 ("The conspirators intended to maintain an absolute stranglehold on the American economy for many decades, if not centuries into the future.").

[49] *See Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir. 1988) (applying Rule 9(b) to RICO claim based on fraud); *see also Occupational-Urgent*, 711 F. Supp. at 1021 (noting Rule 9(b) applies to RICO claims based on fraud).

[50] *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

10
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

securitization of the loan or is it based on alleged misrepresentations about the proper beneficiary of the loan? The complaint does not provide the answer.

The allegations he does make further reveal that he has failed to meet the requirements of Rule 9(b). For example, he asserts that "[a] separate count of Mail Fraud took place each and every time a fraudulent pleading, Affidavit, Promissory Note assignment, mortgage or mortgage assignment was sent by a Defendant through the use of the US [sic] mail."[51] Nothing in that statement explains which documents were fraudulent, which defendants sent the fraudulent documents, when they sent the document, or what in the documents was false. Another example highlights the broad generalization of Tran's complaint. He asserts that "[t]hese Defendants intentionally participated in a scheme to defraud everyone, including the Plaintiff" and that they thereby "contribut[ed] to the foreclosure crisis."[52] These allegations do not suffice to meet the particularity necessary to allege successfully a claim of fraud. And so, to the extent that Tran alleges a violation of Section 1962(a), his claim fails.

His attempt to allege a Section 1962(d) claim likewise fails. Tran asserts conclusorily that Defendants conspired to steal real property through illegal foreclosure liens,[53] but the actual facts he alleges do not support that claim. He asserts that various "securitizers/underwriters," "bankers," and Defendants essentially agreed to undermine the traditional mortgage and lending system through the securitization of loans and a failure to abide by traditional recording mechanisms.[54] But these actions do not coincide with any of the listed predicate activities under Section 1961(a), which is required to state a RICO claim. Even assuming that the allegations could support some

---

[51] Docket No. 36 at ¶ 86.

[52] *Id.* at ¶ 76.

[53] *See id.* at ¶ 85.

[54] *See id.* at ¶¶ 94-98.

11
Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

kind of mail fraud claim against Defendants, nothing in Tran's allegations supports that Defendants and any of the unnamed co-conspirators agreed to engage in the fraud.[55]

Tran has had three opportunities – once in state court and twice in this court – to attempt to plead a successful RICO claim and has failed to do so.  Combined with the lack of any additional factual allegations in the untimely opposition that could aid in amendment of the complaint, the court finds leave to amend would be futile.  The RICO claim is DISMISSED WITHOUT LEAVE TO AMEND.

The court dismisses all of the claims without leave to amend.  A judgment shall follow.

**IT IS SO ORDERED.**

Dated:  May 29, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[55] *See, e.g. id.* at 86 (alleging false documents were sent through the mail but not alleging any agreement to do so).

12

Case No.: 12-4507 PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**